FILED

NOT FOR PUBLICATION

NOV 22 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LIONEL L. EMBLER, | No. 10-36099 |
| Petitioner - Appellant, | D.C. No. 2:09-cv-00208-CI |
| v. | |
| MICHAEL J. ASTRUE, Commissioner, Social Security Administration, | MEMORANDUM[*] |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Eastern District of Washington
Cynthia Imbrogno, Magistrate Judge, Presiding

Submitted November 15, 2011[**]
Portland, Oregon

Before: FISHER, PAEZ, and CLIFTON, Circuit Judges.

Lionel L. Embler appeals from the district court's judgment that affirmed the

final decision by the Commissioner of Social Security denying his application for

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Supplemental Security Income (SSI). We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo the district court's judgment upholding the denial of benefits, *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009), and we affirm the district court.

The ALJ properly concluded that Mr. Embler's own income exceeded the SSI eligibility threshold based on the commingling of resources between Mr. Embler and his ex-wife, Ms. Audrey Embler. Mr. Embler's March 2006 application for SSI indicated that Mr. and Ms. Embler co-owned at least one joint bank account at the time of Mr. Embler's application. According to 20 C.F.R § 416.1208(c)(1), joint ownership of an account by a claimant and non-claimant creates a presumption that all funds in the joint account belong to the claimant. Mr. Embler, the claimant, failed to rebut that presumption as provided for under 20 C.F.R. § 416.1208(c)(4). Therefore, all funds in the joint account were considered to be Mr. Embler's. Similarly, the counted value of the benefits (food, clothing, and shelter) Mr. Embler received from cohabitating with Ms. Embler was his income. 20 C.F.R. § 416.1130. Together, the in-kind benefits from cohabitation, the income in the joint account, and the Social Security benefits Mr. Embler was already receiving exceeded the SSI income eligibility threshold.

The ALJ's calculations involved income and resources the Social Security regulations ascribe to Mr. Embler. This determination of income was supported by substantial evidence in Mr. Embler's March 2006 application, Mr. Embler's failure to submit requested documents to rebut the presumption that he owned all funds in the joint bank account, and testimony by Mr. and Ms. Embler regarding their living situation. The deeming regulations delineated in 20 C.F.R. §§ 416.1160-1169 did not factor into the ALJ's calculations or decision to deny benefits. No income of Ms. Embler's was deemed to Mr. Embler in accordance with those provisions. Therefore, the ALJ did not err when he did not consider the source of Ms. Embler's income or her status under the deeming regulations.

**AFFIRMED**.